**Opinion issued July 23, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-01015-CR

————————————

**MANUEL PONCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1874643**

---

## MEMORANDUM OPINION

A jury convicted Manuel Ponce, an elementary school teacher, of the

continuous sexual abuse[1] of several of his second-grade students and sentenced him

---

[1] *See* TEX. PENAL CODE § 21.02(b) (providing elements of continuous sexual abuse of young child).

to life in prison.[2]  On appeal Ponce argues that the jury charge was erroneous because it identified one of the complainants by the same initials as those belonging to an extraneous-offense witness.  Ponce contends that this was error, and that the error was harmful, arguing that the charge authorized his conviction based on an act of abuse against the extraneous-offense witness.  Because the jury charge was not erroneous, we affirm the trial court's judgment.

## Background

Ponce was an elementary school teacher, teaching mostly second-grade students.  After he left the school to pursue a master's degree in education, one of his former students, Y.R., who was then in third grade, told her parents that Ponce had touched her vagina when she was in his second-grade class.  Y.R.'s mother reported the allegations to the school, and an investigation was started.

Y.R. was interviewed and she provided the names of other girls in her second-grade class that had also been abused.  Multiple children told similar stories about Ponce touching them in the classroom as their classmates waited in the hall to use the restroom.

The State eventually named four children as complainants.  Three of the girls—C.H., K.M., and Y.R.—were in Ponce's second-grade class during the 2021–

---

[2]     *See* TEX. PENAL CODE § 21.02(h) (providing punishment at imprisonment for life or for any term of not more than 99 years or less than 25 years).

22 school year. A fourth named complainant—Allison Rodriguez or A.R.[3]—was in Ponce's first-grade class when he began abusing her, and the abuse continued until she was in the third grade. She was not in the second-grade class with the other named complainants. She was in third grade at the time. Allison's mother considered Ponce a family friend, and she testified that she allowed Ponce to drive her child to summer school and to go dress shopping with him. Allison testified that Ponce would touch her legs when he drove her to school. And when they went dress shopping, he told the clerks that he was her father. He went into the dressing room with her, lifted her onto the dressing-room bench, and touched her vagina.

At trial, five other girls from Ponce's second-grade class were permitted to testify as extraneous-offense witnesses. *See* TEX. CODE CRIM. PROC. art. 38.37 sec. 2(b) (permitting extraneous-offense evidence in continuous-sexual-abuse-of-young child case "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant"). These extraneous-offense witnesses were Ashley Ramirez, V.R.,

---

[3] At trial, all the children were referred to by their legal names. However, for purposes of anonymity, we will use their initials or pseudonyms in this opinion and in any quotes from the record in which initials were used. To distinguish the two children with the same initials, we will call the complainant "Allison Rodriguez" or "A.R." and the extraneous-offense witness "Ashley Ramirez."

H.R., J.M., and M.L., and they were all members of Ponce's 2021–22 second-grade class.[4]

Two other children—I.M. and E.V.—testified that even though Ponce never touched them, he looked inside their underwear. These two girls were permitted to testify under Texas Rule of Evidence 404(b) about Ponce's "motive, opportunity, intent, preparation, plan, knowledge, or identity." *See* TEX. R. EVID. 404(b).

The jury convicted Ponce of continuous sexual abuse of a young child and sentenced him to life in prison without the possibility of parole. This appeal followed.

## Jury Charge on the Law of Parties

Ponce does not challenge the admission of evidence from the seven girls who were not named complainants. Nor does he challenge the sufficiency of the evidence. Instead, Ponce argues that "[t]he trial court committed harmful jury charge error by authorizing a conviction based on an alleged act of sexual abuse against an unpleaded complainant." Ponce points out that one of the complainants was identified in both the indictment and the jury charge as A.R., and that one of the extraneous-offense witnesses was named Ashley Ramirez, who, if referred to by initials, would also be A.R. Ponce argues that the jury charge was erroneous because

---

[4] The extraneous-offense witnesses all testified under their legal names, and their complete legal names were used in the extraneous-offense paragraph of the jury charge.

it permitted the jury to convict Ponce based upon acts committed against Ashley, who was not a complainant.

***The Indictment and Jury-Charge Provisions***

The indictment in this case provided:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, MANUEL PONCE, hereafter styled the Defendant, heretofore on or about August 26, 2019, did then and there unlawfully during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against a child younger than fourteen years of age, ***including an act constituting the offense of Indecency with a Child, committed against A.R. on or about August 26, 2019***, and an act constituting the offense of Indecency with a Child, committed against Y.R. on or about September 1, 2021, and an act constituting Indecency with a Child, committed against C.H. on or about October 1, 2021, and an act constituting Indecency with a Child, committed against K.M. on or about June 1, 2022, and the Defendant was at least seventeen years of age at the time of the commission of each of those acts. (Emphasis added).[5]

The application paragraph of the jury charge tracked the language of the indictment and provided as follows:

Now, if you find from the evidence beyond a reasonable doubt that, in Harris County, Texas, the defendant, Manuel Ponce, heretofore on or about the 26th day of August, 2019, did then and there unlawfully, during a period of time of thirty or more days in duration, commit at

---

[5] The indictment used the initials of the child complainants. *See* TEX. CODE CRIM. PROC. art. 21.07; *Jacob v. State*, 587 S.W.3d 122, 129 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd) (presuming that article 21.07 permits naming complainants by initials); *Olvera v. State*, No. 05-93-00628-CR, 1995 WL 33629, at *2 n.5 (Tex. App.—Fort Worth Jan. 27, 1995, no pet.) ("We acknowledge the Texas Code of Criminal Procedure specifically allows the use of initials to name persons in an indictment.").

least two acts of sexual abuse against a child younger than fourteen years of age, ***including an act constituting the offense of indecency with a child, committed against A.R. on or about August 26, 2019***, and an act constituting the offense of indecency with a child, committed against Y.R. on or about September 1, 2021, and act constituting the offense of indecency with a child, committed against C.H. on or about October 1, 2021 and an act constituting the offense of indecency with a child, committed against K.M. on or about June 1, 2022, and the defendant was at least seventeen years of age at the time of the commission of each of those acts, then you will find the defendant guilty of continuous sexual abuse of a child, as charged in the indictment. (Emphasis added).[6]

In a separate paragraph, the jury charge instructed the jury about the purposes for which extraneous-offense evidence against other victims could be considered:

You are further instructed that if there is any evidence before you in this case regarding the defendant committing a separate offense or offenses, against a child other that the victim of the offense alleged in the indictment in this case, ***specifically*** [V.R., ***Ashley Ramirez***, H.R., J.M., M.L.], you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any. If you so find and believe beyond a reasonable doubt that the defendant committed such other offense or offenses, you may then, and only then, consider the same in determining its bearing on relevant matters, including (1) the character of the defendant and (2) acts performed in conformity with the character of the defendant.[7]

---

[6] This paragraph of the jury charge, like the indictment, used the initials of the complainants, not their legal names.

[7] Again, for clarity, this paragraph used the entire legal names of all five extraneous-offense witnesses, and not their initials or the pseudonym "Ashley Ramirez" as we have done above. The extraneous-offense witnesses' complete legal names were put in this paragraph of the jury charge at the request of the prosecutor.

***Standard of Review and Applicable Law***

We review potential jury-charge error using a two-step review to determine whether reversal is required. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005); *Vernon v. State*, 571 S.W.3d 814, 826 (Tex. App.—Houston [1st Dist.] 2018, pet ref'd). First, we must decide whether error exists in the charge. *Ngo*, 175 S.W.3d at 744. If we determine an error exists, we next determine whether sufficient harm resulted from the error requiring reversal. *Id.* The level of harm necessary for reversal depends on whether the appellant properly objected to the error. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). When, as here, an appellant fails to preserve error, we review the charge error under the "egregious harm" standard articulated in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *See Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza*, 686 S.W.2d at 171).

"Egregious harm is a high and difficult standard to meet, and such a determination must be borne out by the trial record." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (internal quotation omitted). Neither party bears the burden to show harm or lack thereof. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). Rather, the appellate court must examine the relevant portions of the entire record to determine whether an appellant suffered actual, as opposed to theoretical harm, as a result of the charge error. *Id.*

7

It is the trial court's responsibility to deliver to the jury a written charge distinctly setting forth the law applicable to the case. TEX. CODE CRIM. PROC. art. 36.14; *Arteaga v. State*, 521 S.W.3d 329, 334 (Tex. Crim. App. 2017). The purpose of the charge is to inform the jury of the applicable law and guide them in its application to the facts of the case. *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007).

A proper jury charge consists of an abstract statement of the law and the application paragraphs. *Alcoser v. State*, 596 S.W.3d 320, 332 (Tex. App.—Amarillo 2019) (stating that "a jury charge should begin with an abstract paragraph defining the elements of an offense, or defining significant words or phrases, followed by an application paragraph that applies that law to the facts of the particular case"), *rev'd on other grounds*, 663 S.W.3d 160 (Tex. Crim. App. 2022). The abstract paragraphs serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *Id.* at 328. The application paragraphs apply the "pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations." *Vasquez*, 389 S.W.3d at 366. Because the application paragraphs specify the factual circumstances under which the jury should convict or acquit, they are often referred to as the "heart and soul" of the jury charge. *Id.* at 367.

Because Ponce did not object to the charge, he must show not only error, but that the error, if any, caused egregious harm. *Jordan*, 593 S.W.3d at 346 (citing *Almanza*, 686 S.W.2d at 171).

### No Jury-Charge Error

Ponce acknowledges that the law does not require jury unanimity on which specific acts of sexual abuse were committed by the defendant or the exact date on which those acts were committed. *See McMillian v. State*, 388 S.W.3d 866, 871–73 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Under the "Continuous Sexual Abuse of a Child" statute, specific acts of sexual abuse are considered the "manner and means" rather than factual elements of the crime. *See* TEX. PENAL CODE § 21.02(d) (stating that jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed"). Ponce, however, argues that the "jury charge in this case contained a fundamental flaw that prevented the jurors from understanding which complainant's allegations could lawfully serve as the basis for conviction, allowing the jury to convince [Ponce] based on acts committed against [Ashley] an unpleaded complainant."

Specifically, Ponce, without citing any authority, argues:

[T]he trial court should have clarified for the jury which "A.R." it could consider in reaching a verdict. But the charge provided no such guidance. It failed to distinguish between the two individuals with the initials "A.R.," and the application paragraph referred generically to "a

9

child or children younger that 14 years of age," without identifying the complainants by name or by reference to the indictment. This invited the jurors to convict [Ponce] based on evidence related to an unindicted complainant,[8] which is prohibited under Texas law.

. . . .

But at no point were the jurors clearly instructed that their verdict had to rest solely on the allegations involving the four named complainants[.]

We disagree with Ponce's assessment of the jury charge. The jury **was** specifically instructed that it could only consider evidence of acts against Ashley Ramirez if such acts were proved beyond a reasonable doubt, and those acts could only be considered to determine (1) the character of the defendant and (2) acts performed in conformity with his character.

There was no risk of confusing "A.R." in the application paragraph with "Ashley" in the extraneous-offense paragraph. At the prosecutor's request, Ashley's complete legal name was used in the extraneous-offense paragraph (presumably to distinguish her from "A.R.," the named complainant), and the jury was specifically instructed that it could only consider evidence of crimes against Ashley for a very limited purpose. One of those purposes was not as a "manner and means" of committing the charged offense. We presume that the jury followed the trial court's instructions in the manner presented. *Thrift v. State*, 176 S.W.3d

___

[8] Presumably by referring to an "unindicted complainant," Ponce means a victim that is not a named complainant, not a complainant who was not indicted.

10

221, 224 (Tex. Crim. App. 2005). And Ponce has not pointed us to any evidence that the jury failed to follow the trial court's instructions to rebut that presumption. *See id.*

Because the jury charge clearly distinguishes A.R., the named complainant, from "Ashley Ramirez," the extraneous-offense witness, there was no error in the way those names were presented to the jury in the charge. Nor did the charge authorize a conviction based on acts committed against Ashley. Because there was no error in the charge, we need not address whether the alleged harm was egregious.[9] *See* TEX. R. APP. P. 47.1.

We overrule Ponce's sole issue on appeal.

---

[9] Even if we were to reach the issue of egregious harm, we would find that none existed. Both children with the initials "A.R." were referred to by their complete legal names during the trial. In addition to using A.R. in the application paragraph and differentiating "Ashley Ramirez" in the extraneous-offense paragraph, the prosecutor identified the complainants by their complete names for the jury during closing argument: "Just so there's no confusion, the complainants that are named in the indictment are [A.R., Y.R., C.H., and K.M.]." Thus, the record clearly distinguished Allison Rodriguez or A.R., the named complainant, from Ashley Ramirez, the extraneous-offense witness.

11

## Conclusion

For these reasons, we affirm the trial court's judgment.


                              Terry Adams
                              Chief Justice

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).